UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cr-00078

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **BISHAP MITTAL,** | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Withdraw Guilty Plea. (Doc. No. 52).

On March 20, 2019, the Defendant pleaded guilty to a one-count Bill of Information arising from his participation in what is referred to colloquially as a technical-support scheme, or "tech-support scheme" for short. Doc. 1; Doc. 10. Because the original Bill of Information cited the incorrect statutory code provision (Doc. No. 55, Ex. D at 1– 2), the parties received permission from the Court to conduct a second Rule 11 hearing to correct the scrivener's error. (Id. at 1) ("[The Defendant] agree[s] that this is a case of an unintentional error."); (see also Doc. No. 55, Ex. E at 1)("If this means that the Government needs to dismiss the 18 U.S.C. 1030(a)(5)(C) count and file a superseding criminal information, then that would be the Court's preference."). This was to help ensure, in the Court's eyes, that "there is no confusion in the record going forward." (Doc. No. 55 Ex. D at 1).

On July 18, 2019, Defendant therefore pleaded guilty to an offense under the general conspiracy provision, 18 U.S.C. § 371, predicated on Defendant conspiring and agreeing with others to knowingly cause the transmissions of programs, information, code, and commands, and

1

as a result of such conduct, intentionally cause damage, without authorization, to protected computers. (Doc. No. 18 at 3). The Defendant entered his plea under oath in open court, and neither party objected to its entry. (Doc. No. 23). The magistrate judge therefore accepted the plea on behalf of this Court.

Seventeen months after his original Rule 11 hearing, and fourteen months after his second sworn affirmation of guilt, the Defendant seeks to withdraw his guilty plea on numerous grounds, including that: (1) he is innocent of the charges; (2) his plea was "effectively" coerced; (3) his plea was neither knowing nor voluntary because it was based on a mistake of fact; (4) alleged procedural irregularities; (5) his anxiety, alcohol abuse, and an alleged inability to comprehend English; and (6) a lack of prejudice to the Government if his plea is withdrawn. (Doc. No. 52 at 1–2).

After weighing the evidence and the pleadings, the Court finds that Defendant has not credibly asserted his innocence, that Defendant's lengthy delay in bringing this motion weighs in favor of Rule 11's presumption of repose, that Defendant received effective and adequate counsel while considering his guilty plea, that allowing Defendant to withdraw his plea at this late date would severely inconvenience the Government, and finally that granting Defendant's motion will waste judicial resources in a third inquiry into the legitimacy of his plea. Therefore, the Defendant's motion will be denied, and no evidentiary hearing is necessary.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Withdraw Guilty Plea, (Doc. No. 52), is **DENIED**.

Signed: December 17, 2020

Max O. Cogburn Jr
United States District Judge